### James J. O'Connor v. Thomas F. O'Connor.

1. QUESTIONS OF FACT—*Finding of the Chancellor.*—In cases of conflicting testimony by witnesses before the chancellor, his finding is the end of the controversy under the general rule.

Memorandum.—Chancery proceedings. In the Circuit Court of Cook County: the Hon. LORIN C. COLLINS, Judge, presiding. Bill by vendors of specific performance of a contract; answer; trial upon master's report; bill dismissed; appeal by complainant. Heard in this court at the March term, A. D. 1893, and affirmed. Opinion filed July 6, 1893.

LOUIS WEBER, attorney for appellant.

JOHN C. SCOVEL, attorney for appellee.

OPINION OF THE COURT, GARY, P. J.

On the 21st day of December, 1889, there was an auction sale of some lots, at which both of these parties were present, and one of the lots was bid off in the name of the complainant, appellant here.

Twenty-five dollars was then paid as earnest by the defendant. A contract with the vendor was made with the complainant, his name being signed to it by the defendant. The contract remaining in the possession of the defendant, he assigned it to himself, paid the purchase money and took a deed to himself.

The complainant, during the time that elapsed before the payment for the lot was complete, gave to the defendant considerable money, but how much and why, is in dispute.

This bill is filed to redeem, upon the claim that what money was advanced by the defendant was as a loan.

The defendant says that it was the arrangement that if the complainant could not make the payment, the defendant should do so and take the lot.

The parties themselves testified in direct opposition to each other as to such an arrangement, and the only corroboration of the defendant is that immediately after the auction, the defendant said in the presence of the complainant, in apparently a jocular manner, "I bought one lot for my brother, and if he don't pay for it I will take it and pay for it," to which the complainant made no response. There is other testimony by several witnesses that the defendant often spoke of the lot as his brother's.

The testimony was by witnesses testifying before the chancellor. He saw them; we do not see them. In such cases the finding of the chancellor is the end of controversy.

The decree is therefore affirmed.